19 F.3d 13
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Covey MITCHELL, Defendant-Appellant.
 No. 93-5038.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 3, 1994.
Decided March 7, 1994.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. James R. Spencer, District Judge. (CR-92-100-R).
 Duane Gregory Carr, Richmond, VA, for appellant.
 Kenneth E. Melson, U.S. Atty., Stephen W. Miller, Asst. U.S. Atty., Richmond, VA, for appellee.
 E.D.Va.
 AFFIRMED.
 Before MURNAGHAN, WILKINSON and WILKINS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Covey Mitchell appeals his conviction for possession of more than five grams of crack cocaine with the intent to distribute, in violation of 21 U.S.C. Sec. 841(b)(1)(A)(ii) (1988). Mitchell claims the trial judge erred in failing to suppress the evidence seized during a search of his person. We affirm the conviction.
 
 I.
 
 2
 On June 5, 1992, at approximately 3:00 p.m., Detective Duncan Pence of the Richmond Bureau of Police received information from an informant that the Defendant "was standing on Bethel and DeForest Streets, that [the Defendant] had crack cocaine in his crotch area, and that he was driving a vehicle, a champagne-colored Saab, license LDQ-262." The informant called Pence again at 4:30 p.m. and stated that the Defendant still had cocaine on him and that a sale was in progress at a different location. Detective Pence and other officers responded to Fourth and Cypress Streets.
 
 
 3
 At 5:05 p.m., the informant called Pence and told him that the Defendant was still in the area of Fourth and Cypress, that he did have drugs on him, and that he might be leaving soon. At 5:30 p.m., the informant called Pence for a final time and advised Pence that the Defendant "would be leaving in about ten minutes and that he still had the drugs on him and that he would be leaving in ... the champagne-colored Saab."
 
 
 4
 As the Defendant proceeded on Magnolia Street, he was stopped by a marked police car. Detective Pence confronted the Defendant and asked him to step out of the car. Pence then asked for permission to search the Defendant and his vehicle. The Defendant consented. Pence conducted a pat-down search of the Defendant. As Pence started patting up from the Defendant's ankles to the inside of his legs, the Defendant "closed his legs" and"became shifty and started moving about and shaking." Pence asked him to open his legs and at that point, underneath the Defendant's crotch, Pence felt a bulge.
 
 
 5
 Pence described it as "a protruding area which was sort of roundish and sort of lumpy," which was consistent in his experience with being cocaine or drugs. Pence asked the Defendant if he could retrieve the drugs, and the Defendant denied him consent. Pence subsequently took the Defendant to a secluded area, unzipped the Defendant's pants, and retrieved what proved to be 17.41 grams of crack cocaine.
 
 II.
 
 6
 Mitchell claims that the district court improperly denied his motion to suppress the evidence seized during the traffic stop. We disagree with this contention. Because a routine traffic stop is in the nature of an investigative detention, rather than a custodial arrest, courts use the analysis of Terry v. Ohio, 392 U.S. 1 (1968), to determine whether the stop violates the Fourth Amendment. United States v. Rusher, 966 F.2d 868, 875 (4th Cir.), cert. denied, 61 U.S.L.W. 3285 (U.S.1992). Under Terry, a police officer may stop and briefly detain a person if the officer has a reasonable suspicion, based on articulable facts, that criminal activity is afoot. Terry, 392 U.S. at 30.
 
 
 7
 The Supreme Court uses a totality of the circumstances approach to determine whether an informant's tip establishes probable cause. Illinois v. Gates, 462 U.S. 213, 230 (1983). The same approach is used "in the reasonable suspicion context, the only difference being the level of suspicion that must be established." Alabama v. White, 496 U.S. 325, 330-31 (1990). Under this approach, the informant's "veracity," "reliability," and "basis of knowledge" are highly relevant in determining the value of the tip. Gates, 462 U.S. at 230. The independent corroboration by the police of significant aspects of the informant's tip imparts some degree of reliability to the other allegations made by the informant. Another important element in establishing the reliability of an anonymous tip is the predictive nature of the information. White, 496 U.S. at 332.
 
 
 8
 A significant part of the informant's tip in this case was of a predictive nature. The tip was corroborated by Detective Pence's and the other officers' observations. We conclude that the informant's tip "exhibited sufficient indicia of reliability to justify the investigatory stop of [the Defendant's] car." See id.
 
 
 9
 The subsequent pat-down search was lawful as a protective search incident to a Terry stop, Terry, 392 U.S. at 24, or under notions of voluntary consent.* Moreover, a police officer may seize nonthreatening contraband discovered during a protective Terry pat-down search if the contraband's "contour or mass makes its identity immediately apparent" upon the officer's touching it. Minnesota v. Dickerson, 61 U.S.L.W. 4544, 4547-48 (U.S.1993). Pence started at the Defendant's ankles and patted up his legs. He felt a bulge in the Defendant's crotch which from his experience was consistent with being cocaine or drugs. Thus, the subsequent seizure of the contraband was lawful. See id. Furthermore, the totality of the circumstances was such that Pence had probable cause to arrest. See United States v. McCraw, 920 F.2d 224, 227-28 (4th Cir.1990). Consequently, the trial judge's denial of the Defendant's motion to suppress the fruits of the search was not clearly erroneous.
 
 
 10
 The Defendant argues that the police officers should have obtained search and arrest warrants during the two and one-half hour investigation. This argument is meritless because the police officers did not have sufficient information to establish probable cause to search or arrest before stopping the Defendant. Furthermore, the officers did not need a warrant to conduct a Terry stop. The subsequent search was incident to a Terry stop. Upon the discovery of the crack, it was unnecessary to obtain an arrest warrant.
 
 
 11
 We accordingly affirm the conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 Detective Pence testified that when he confronted the Defendant, the Defendant consented to a search of his person and his automobile. It was only when Pence felt a bulge in the Defendant's crotch area and asked if he could search that area that the Defendant refused to consent